UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENELL THORPE, | No. 2:20-cv-1923 KJN P |
| Plaintiff, | |
| v. | ORDER |
| PARHAM, et al., | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel. This action was removed from state court.

Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). The party invoking removal bears the burden of establishing federal jurisdiction. Hunter v. Philip Morris USA, 582 F.3d 1039 (9th Cir. 2009). Where it appears the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

Plaintiff opposes removal, claiming this matter involves a "small claims property issue." (ECF No. 4 at 1.) Plaintiff avers that he did not intend to raise any federal claim in his complaint. On October 20, 2020, defendants filed a reply. In light of plaintiff's disavowal of any federal claims and his agreement to proceed exclusively on his property damage and loss claim,

defendants do not oppose plaintiff's putative motion for remand, and have no objection to this case being remanded back to Amador County Superior Court.

Good cause appearing, the court finds that the parties agree to have this matter remanded to the Amador County Superior Court.

Accordingly, IT IS HEREBY ORDERED that the above-entitled action is summarily remanded to the Superior Court of California, County of Amador, Case No. 19-CVC-11424.

Dated: October 22, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/thor1923.rem